Filing # 60140967 E-Filed 08/08/2017 11:25:17 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 207-13282 CA-01

ZULMA CRUZ,

     *Plaintiff*,

v.

JINNY BEAUTY SUPPLY CO., INC.
a Florida corporation

     *Defendants*.

_____/

## COMPLAINT

Plaintiff ZULMA CRUZ ("**ZULMA CRUZ**"), through the undersigned counsel, sues Defendant JINNY BEAUTY SUPPLY CO., INC., a Florida corporation ("**JBS**"), for damages, and in support thereof alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages in excess of $15,000.00, exclusive of interest, costs, and attorneys' fees.

2.     This action is brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq., as amended from time to time ("**ADEA**"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., as amended from time to time ("**Title VII**"), and the Florida Civil Rights Act, Chapter 760, Florida Statutes, as amended from time to time.

3.     This Court has jurisdiction under Article V, section 5 of the Florida Constitution and Fla. Stat. § 26.012.

THE BURTON FIRM

**EXHIBIT "A"**

4.     ZULMA CRUZ is a resident of Miami-Dade County, Florida, and is *sui juris.* She was born in 1954.

5.     JBS, is a Florida corporation and doing business in the State of Florida, and is *sui juris.* JBS's principal place of business is located in Miami-Dade County, Florida. JBS is principally engaged in importing, exporting, and distributing beauty supplies. At all relevant times, JBS has continuously been doing business in the state of Florida and has continuously had at least 30 employees. At all relevant times, JBS has continuously been an employer engaged in an industry affecting commerce. At all relevant times, JBS has been a private employer within the meaning of the ADEA, as amended from time to time; Title VII, as amended from time to time; and the Florida Civil Rights Act (Chapter 760, Florida Statutes).

6.     All conditions precedent to bringing this action, including, but not limited to, jurisdictional and administrative prerequisites, if any, have occurred, have been fulfilled, have been waived, or would be a useless act and are accordingly waived.

7.     Venue is proper by reason of Fla. Stat. § 47.011, Fla. Stat. § 47.041, and Fla. Stat. § 47.051 because all or a substantial part of the events giving rise to Plaintiff's causes of action occurred in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

8.     ZULMA CRUZ worked for JBS for approximately eleven (11) years as a salesperson

9.     In her role as a salesperson for JBS, ZULMA CRUZ's responsibilities included selling beauty products and beauty supplies in bulk to retail locations throughout

[B] THE BURTON FIRM

**EXHIBIT "A"**

the United States of America and South America.

10.     As a salesperson for JBS, ZULMA CRUZ reported to Mr. Eddie Jhin, an owner and director of JBS; Ms. Lan Wilkerson, a manager of JBS; and some other supervisors. Mr. Jhin and Ms. Wilkerson are both of Asian descent. Several other of ZULMA CRUZ's supervisors at JBS were also of Asian descent.

11.     During ZULMA CRUZ's employment with JBS, especially in the year of her termination, the sales staff was comprised of mostly younger individuals of Asian descent.

12.     While at JBS, especially in the weeks and months leading up to her termination, ZULMA CRUZ was (i) treated less favorably/unfavorably than other JBS employees because of her age, race, and national origin; (ii) harassed by Mr. Jhin, Ms. Wilkerson, and other supervisors and employees for being over 60 years old; (iii) deprived training/mentoring opportunities because of her age, race, and national origin; (iv) denied or stripped of sales accounts because of her age, race, and national origin; (v) received less benefits and pay than younger salespeople of Asian descent; and (vi) denied access to sales/business meetings being conducted in Korean because of her age, race, and national origin.

13.     Leading up to ZULMA CRUZ's termination, she was negatively singled out and treated unfavorably for not meeting sales goals. However, several salespeople had not met their sales goals, but ZULMA CRUZ was the only salesperson singled out in a negative light and treated unfavorably both publically and in private meetings by Mr. Jhin. Specifically, ZULMA CRUZ was the only salesperson that had their age brought up as a

Ⓑ THE BURTON FIRM

**EXHIBIT "A"**

negative factor in connection with sales goals not being met.

14.     In stark contrast to ZULMA CRUZ's experience, younger salespeople of Asian descent would receive administrative support from Mr. Jhin, Ms. Wilkerson, and other supervisors if they did not meet their sales goals. The younger salespeople of Asian descent would receive training/mentoring, be provided with additional sales leads, and be given strong performing accounts to help them meet their sales goals. ZULMA CRUZ did not receive this same training/mentoring, was not provided with additional sales leads, and had her strong performing sales accounts stripped from her by JBS and given to younger salespeople of Asian descent.

15.     In the weeks leading up to ZULMA CRUZ's termination, Mr. Jhin, Ms. Wilkerson, and other supervisors would continually make disparaging and offensive comments to ZULMA CRUZ about her age and her inability to properly represent JBS as a salesperson at 61 years of age. ZULMA CRUZ reported this continuing, offensive, and discriminatory behavior verbally to management as it was creating a hostile work environment for her. Despite reporting the discriminatory behaviors, Mr. Jhin, Ms. Wilkerson, and other supervisors regularly kept making disparaging and offensive comments about ZULMA CRUZ's age.

16.     In the weeks leading up to ZULMA CRUZ's termination, she was excluded from regular sales/business meetings by Mr. Jhin and Ms. Wilkerson. These sales/business meetings were a regular part of the business and were hosted/moderated by Mr. Jhin, Ms. Wilkerson, and/or other supervisors at JBS. ZULMA CRUZ verbally reported her concerns over her exclusion from such meetings to Mr. Jhin and Ms.

[B] THE BURTON FIRM

**EXHIBIT "A"**

Wilkerson.

17.     In the weeks leading up to ZULMA CRUZ's termination, JBS started conducting its sales/business meetings only in Korean. Mr. Jhin, Ms. Wilkerson, and/or other supervisors at JBS also stopped providing equivalent sales/business meetings in English for JBS's non-Korean speakers. ZULMA CRUZ verbally reported her concerns that the sales/business meetings were only being conducted in Korean to Mr. Jhin and Ms. Wilkerson. In response, JBS, through its agents, Mr. Jhin, Ms. Wilkerson, and other supervisors at JBS, kept promising ZULMA CRUZ that she would get summaries of the sales/business meetings or her own private sales/business meetings in English. ZULMA CRUZ did not get summaries of the sales/business meetings conducted in Korean. ZULMA CRUZ also did not get any private sales/business meetings.

18.     In the weeks leading up to ZULMA CRUZ's termination, she also learned that the younger salespeople of Asian descent were getting paid on salary and also receiving two (2) weeks paid vacation. ZULMA CRUZ was getting paid hourly and only receiving one (1) week paid vacation.

19.     In the weeks leading up to ZULMA CRUZ's termination, she was routinely tasked with cleaning the facility, stocking inventory shelves, or restocking paper in the printers; however, the younger salespeople of Asian descent were not assigned these same duties.

20.     On numerous occasions during the weeks leading up to ZULMA CRUZ's termination, she verbally complained to Mr. Jhin about the unfair benefits distribution and unfair assignment of job duties.

[B] THE BURTON FIRM

**EXHIBIT "A"**

21.     On August 21, 2015, JBS terminated ZULMA CRUZ.

22.     At the time of ZULMA CRUZ's termination from JBS, Mr. Jhin specifically referenced her age as a primary reason for her termination.

23.     On that day, ZULMA CRUZ was the oldest salesperson at JBS. She was 61 years old at the time of her termination from JBS.

24.     Additionally, at the time of her termination from JBS, ZULMA CRUZ believes that she was one of the only Hispanic salespeople at JBS.

25.     Mr. Jhin terminated ZULMA CRUZ as a salesperson at JBS because of her age, race, national origin, and also because she verbally reported discriminatory behaviors and reported her complaints concerning the discrimination against her.

26.     On information and belief, JBS has since hired a salesperson(s) to replace ZULMA CRUZ that is/are significantly younger and of Asian descent.

27.     The discriminatory actions by JBS through its agents Mr. Jhin, Ms. Wilkerson, and other supervisors and employees violate the ADEA, Title VII, and other state and federal laws that protect people from discrimination due to age, race, and national origin, and also from retaliation by their employers for complaining of and reporting discrimination due to age, race, and national origin.

28.     As a result of the discriminatory behaviors and actions by JBS and its agents Mr. Jhin, Ms. Wilkerson, and other supervisors and employees, ZULMA CRUZ filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "**EEOC**"). ZULMA CRUZ's Charge of Discrimination was assigned EEOC Charge No. 510-2016-00985. A true and accurate copy of ZULMA CRUZ's Charge of

[B] THE BURTON FIRM

**EXHIBIT "A"**

Discrimination is attached hereto and incorporated herein as **Exhibit "1"**.

29.    The EEOC had jurisdiction over ZULMA CRUZ's Charge of Discrimination for more than 180 days, and on May 11, 2017, it issued ZULMA CRUZ a Notice of Right to Sue. A true and accurate copy of the Notice of Right to Sue is attached hereto and incorporated herein as **Exhibit "2"**.

30.    ZULMA CRUZ is filing suit within ninety (90) days of receiving the Notice of Right to Sue.

31.    ZULMA CRUZ has retained the undersigned law firm and agreed to and agreed to pay reasonable attorneys' fees and costs.

## COUNT I – AGE DISCRIMINATION (UNDER THE ADEA)

32.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 30 as if fully set forth herein.

33.    ZULMA CRUZ belongs to a protected class, as she is over 60 years old.

34.    JBS had no legitimate business reason for its discriminatory behaviors and actions against ZULMA CRUZ.

35.    JBS had no legitimate business reason for taking adverse actions against ZULMA CRUZ.

36.    JBS had no legitimate business reason for its termination of ZULMA CRUZ.

37.    JBS treated similarly situated, younger employees more favorably than ZULMA CRUZ.

38.    JBS unlawfully discriminated against ZULMA CRUZ by (i) treating her less favorably/unfavorably because of her age; (ii) subjecting her to harassment by Mr. Jhin,

[B] THE BURTON FIRM

**EXHIBIT "A"**

Ms. Wilkerson, and other supervisors and employees for being over 60 years old; (iii) depriving her of training/mentoring opportunities because of her age; (iv) denying or stripping her of sales accounts because of her age; (v) providing her with less benefits and pay than younger salespeople; and (vi) denying her access to sales/business meetings.

39.     In the weeks leading up to ZULMA CRUZ's termination, JBS through its agents Mr. Jhin, Ms. Wilkerson, and other supervisors and employees would continually make disparaging and offensive comments to ZULMA CRUZ about her age and her inability to properly represent JBS as a salesperson at 61 years of age.

40.     ZULMA CRUZ reported this continuing, offensive behavior verbally to JBS management as it was creating a hostile work environment for her.

41.     Despite reporting the discriminatory behaviors, JBS through its agents Mr. Jhin, Ms. Wilkerson, and other supervisors and employees regularly kept making disparaging and offensive comments about ZULMA CRUZ's age.

42.     Ultimately, JBS unlawfully discriminated against ZULMA CRUZ by terminating her because of her age in violation of the ADEA.

43.     In discriminating against ZULMA CRUZ, JBS acted with malice and reckless disregard for her federally protected rights.

44.     As a result of JBS's unlawful discrimination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff ZULMA CRUZ demands judgment against Defendant JINNY BEAUTY SUPPLY CO., INC. for all allowable remedies (equitable and/or at law) pursuant to the ADEA, all allowable damages, attorneys' fees, taxable costs

[B] THE BURTON FIRM

**EXHIBIT "A"**

allowable by law, prejudgment and post-judgment interest, and such other and further relief as this Court deems just and proper, including, but not limited to, back pay, front pay, and liquidated damages.

## COUNT II – RETALIATION RELATING TO AGE DISCRIMINATION (UNDER THE ADEA)

45.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 30 as if fully set forth herein.

46.    ZULMA CRUZ belongs to a protected class, as she is over sixty years old.

47.    JBS had no legitimate business reason for its discriminatory behaviors and actions against ZULMA CRUZ.

48.    JBS had no legitimate business reason for taking adverse actions against ZULMA CRUZ.

49.    JBS had no legitimate business reason for its termination of ZULMA CRUZ.

50.    JBS treated similarly situated, younger employees more favorably than ZULMA CRUZ.

51.    JBS unlawfully discriminated against ZULMA CRUZ by (i) treating her less favorably/unfavorably because of her age; (ii) subjecting her to harassment by its agents Mr. Jhin, Ms. Wilkerson, and other supervisors and employees for being over 60 years old; (iii) depriving her of training/mentoring opportunities because of her age; (iv) denying or stripping her of sales accounts because of her age; (v) providing her with less benefits and pay than younger salespeople; and (vi) denying her access to sales/business meetings.

52.    In the weeks leading up to ZULMA CRUZ's termination, JBS through its agents Mr. Jhin, Ms. Wilkerson, and other supervisors and employees would continually

Ⓑ THE BURTON FIRM

**EXHIBIT "A"**

make disparaging and offensive comments to ZULMA CRUZ about her age and her inability to properly represent JBS as a salesperson at 61 years of age.

53.     ZULMA CRUZ reported this continuing, offensive behavior verbally to JBS management as it was creating a hostile work environment for her.

54.     Despite the reporting of the discriminatory behaviors, JBS through its agents Mr. Jhin, Ms. Wilkerson, and other supervisors and employees regularly kept making disparaging and offensive comments about ZULMA CRUZ's age.

55.     Ultimately, JBS unlawfully discriminated against ZULMA CRUZ by terminating her because of her age in violation of the ADEA.

56.     JBS's termination of ZULMA CRUZ is retaliatory because it served as retaliation for ZULMA CRUZ reporting the age discrimination to JBS management.

57.     In retaliating against ZULMA CRUZ, JBS acted with malice and reckless disregard for her federally protected rights.

58.     As a result of JBS's unlawful discrimination, termination, and retaliation, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff ZULMA CRUZ demands judgment against Defendant JINNY BEAUTY SUPPLY CO., INC. for all allowable remedies (equitable and/or at law) pursuant to the ADEA, all allowable damages, attorneys' fees, taxable costs allowable by law, prejudgment and post-judgment interest, and such other and further relief as this Court deems just and proper, including, but not limited to, back pay, front pay, and liquidated damages.

[B] THE BURTON FIRM

**EXHIBIT "A"**

## COUNT III – VIOLATIONS OF FLORIDA CIVIL RIGHTS ACT,
## CHAPTER 760 (AGE DISCRIMINATION AND RETALIATION)

59.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 30 as if fully set forth herein.

60.    ZULMA CRUZ belongs to a protected class, as she is over sixty years old.

61.    JBS is an employer within the meaning of the definition provided for in Chapter 760, Florida Statutes.

62.    JBS had no legitimate business reason for its discriminatory behaviors and actions against ZULMA CRUZ.

63.    JBS had no legitimate business reason for taking adverse actions against ZULMA CRUZ.

64.    JBS had no legitimate business reason for its termination of ZULMA CRUZ.

65.    JBS treated similarly situated employees outside ZULMA CRUZ's protected class more favorably than her.

66.    JBS unlawfully discriminated against ZULMA CRUZ by (i) treating her less favorably/unfavorably because of her age; (ii) subjecting her to harassment by its agents Mr. Jhin, Ms. Wilkerson, and other supervisors and employees for being over 60 years old; (iii) depriving her of training/mentoring opportunities because of her age; (iv) denying or stripping her of sales accounts because of her age; (v) providing her with less benefits and pay than younger salespeople; and (vi) denying her access to sales/business meetings.

67.    In the weeks leading up to ZULMA CRUZ's termination, JBS through its agents Mr. Jhin, Ms. Wilkerson, and other supervisors and employees would continually make disparaging and offensive comments to ZULMA CRUZ about her age and her

[B] THE BURTON FIRM

**EXHIBIT "A"**

inability to properly represent JBS as a salesperson at 61 years of age.

68.     ZULMA CRUZ reported this continuing, offensive behavior verbally to JBS management as it was creating a hostile work environment for her.

69.     Despite the reporting of the discriminatory behaviors, JBS through its agents Mr. Jhin, Ms. Wilkerson, and other supervisors and employees regularly kept making disparaging and offensive comments about ZULMA CRUZ's age.

70.     Ultimately, JBS unlawfully discriminated against ZULMA CRUZ by terminating her because of her age in violation of the Florida Civil Rights Act, Chapter 760, Florida Statutes.

71.     JBS's termination of ZULMA CRUZ is retaliatory because it served as retaliation for ZULMA CRUZ reporting the age discrimination to JBS management.

72.     In retaliating against ZULMA CRUZ, JBS acted with malice and reckless disregard for her protected rights.

73.     As a result of JBS's unlawful discrimination, termination, and retaliation, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff ZULMA CRUZ demands judgment against Defendant JINNY BEAUTY SUPPLY CO., INC. for all allowable remedies (equitable and/or at law) pursuant to Chapter 760, Florida Statutes, all allowable damages, attorneys' fees, taxable costs allowable by law, prejudgment and post-judgment interest, and such other and further relief as this Court deems just and proper, including, but not limited to, back pay, front pay, and liquidated damages.

[B] THE BURTON FIRM

**EXHIBIT "A"**

## COUNT IV – VIOLATIONS OF TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964

74.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 30 as if fully set forth herein.

75.     ZULMA CRUZ belongs to a protected class, as she is a Hispanic woman.

76.     JBS had no legitimate business reason for its discriminatory behaviors and actions against ZULMA CRUZ.

77.     JBS had no legitimate business reason for taking adverse actions against ZULMA CRUZ.

78.     JBS had no legitimate business reason for its termination of ZULMA CRUZ.

79.     JBS treated similarly situated, non-Hispanic employees more favorably than ZULMA CRUZ.

80.     JBS unlawfully discriminated against ZULMA CRUZ by (i) treating her less favorably/unfavorably because of her race and national origin; (ii) subjecting her to harassment by Mr. Jhin, Ms. Wilkerson, and other supervisors and employees for being a Hispanic woman; (iii) depriving her of training/mentoring opportunities because of her race and national origin; (iv) denying or stripping her of sales accounts because of her race and national origin; (v) providing her with less benefits and pay than younger salespeople of Asian descent; and (vi) denying her access to sales/business meetings because of her race and

81.     On numerous occasions during the weeks leading up to ZULMA CRUZ's termination, she verbally complained to Mr. Jhin about the unfair benefits distribution and unfair assignment of job duties.

ⒷTHE BURTON FIRM

**EXHIBIT "A"**

82.    Ultimately JBS unlawfully discriminated against ZULMA CRUZ by terminating her because of her race and national origin in violation of Title VII of the Civil Rights Act of 1964.

83.    In discriminating against ZULMA CRUZ, JBS acted with malice and reckless disregard for her federally protected rights.

84.    As a result of JBS's unlawful discrimination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff ZULMA CRUZ demands judgment against Defendant JINNY BEAUTY SUPPLY CO., INC. for all allowable remedies (equitable and/or at law) pursuant to Title VII of the Civil Rights Act of 1964, all allowable damages, attorneys' fees, taxable costs allowable by law, prejudgment and post-judgment interest, and such other and further relief as this Court deems just and proper, including, but not limited to, back pay, front pay, and liquidated damages.

## COUNT V – RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

85.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 30 as if fully set forth herein.

86.    ZULMA CRUZ belongs to a protected class, as she is a Hispanic woman.

87.    JBS had no legitimate business reason for its discriminatory behaviors and actions against ZULMA CRUZ.

88.    JBS had no legitimate business reason for taking adverse actions against ZULMA CRUZ.

89.    JBS had no legitimate business reason for its termination of ZULMA CRUZ.

Ⓑ THE BURTON FIRM

**EXHIBIT "A"**

90.     JBS treated similarly situated, non-Hispanic employees more favorably than ZULMA CRUZ.

91.     JBS unlawfully discriminated against ZULMA CRUZ by (i) treating her less favorably/unfavorably because of her race and national origin; (ii) subjecting her to harassment by Mr. Jhin, Ms. Wilkerson, and other supervisors and employees for being a Hispanic woman; (iii) depriving her of training/mentoring opportunities because of her race and national origin; (iv) denying or stripping her of sales accounts because of her race and national origin; (v) providing her with less benefits and pay than younger salespeople of Asian descent; and (vi) denying her access to sales/business meetings because of her race and

92.     On numerous occasions during the weeks leading up to ZULMA CRUZ's termination, she verbally complained to Mr. Jhin about the unfair benefits distribution and unfair assignment of job duties.

93.     Ultimately JBS unlawfully discriminated against ZULMA CRUZ by terminating her because of her race and national origin in violation of Title VII of the Civil Rights Act of 1964.

94.     JBS's termination of ZULMA CRUZ is retaliatory because it served as retaliation for ZULMA CRUZ reporting the discriminatory behaviors and actions to JBS management.

95.     In retaliating against ZULMA CRUZ, JBS acted with malice and reckless disregard for her federally protected rights.

96.     As a result of JBS's unlawful discrimination, Plaintiff has suffered

[B] THE BURTON FIRM

**EXHIBIT "A"**

damages.

**WHEREFORE**, Plaintiff ZULMA CRUZ demands judgment against Defendant JINNY BEAUTY SUPPLY CO., INC. for all allowable remedies (equitable and/or at law) pursuant to Title VII of the Civil Rights Act of 1964, all allowable damages, attorneys' fees, taxable costs allowable by law, prejudgment and post-judgment interest, and such other and further relief as this Court deems just and proper, including, but not limited to, back pay, front pay, and liquidated damages.

### COUNT VI – VIOLATIONS OF FLORIDA CIVIL RIGHTS ACT, CHAPTER 760 (RACE AND NATIONAL ORIGIN AND RETALIATION)

97.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 30 as if fully set forth herein.

98.     ZULMA CRUZ belongs to a protected class, as she is a Hispanic woman.

99.     JBS had no legitimate business reason for its discriminatory behaviors and actions against ZULMA CRUZ.

100.    JBS had no legitimate business reason for taking adverse actions against ZULMA CRUZ.

101.    JBS had no legitimate business reason for its termination of ZULMA CRUZ.

102.    JBS treated similarly situated, non-Hispanic employees more favorably than ZULMA CRUZ.

103.    JBS unlawfully discriminated against ZULMA CRUZ by (i) treating her less favorably/unfavorably because of her race and national origin; (ii) subjecting her to harassment by Mr. Jhin, Ms. Wilkerson, and other supervisors and employees for being a Hispanic woman; (iii) depriving her of training/mentoring opportunities because of her race

Ⓑ THE BURTON FIRM

**EXHIBIT "A"**

and national origin; (iv) denying or stripping her of sales accounts because of her race and national origin; (v) providing her with less benefits and pay than younger salespeople of Asian descent; and (vi) denying her access to sales/business meetings because of her race and

104.    On numerous occasions during the weeks leading up to ZULMA CRUZ's termination, she verbally complained to Mr. Jhin about the unfair benefits distribution and unfair assignment of job duties.

105.    Ultimately JBS unlawfully discriminated against ZULMA CRUZ by terminating her because of her race and national origin in violation of the Florida Civil Rights Act, Chapter 760, Florida Statutes.

106.    JBS's termination of ZULMA CRUZ is retaliatory because it served as retaliation for ZULMA CRUZ reporting the discriminatory behaviors and actions to JBS management.

107.    In retaliating against ZULMA CRUZ, JBS acted with malice and reckless disregard for her protected rights.

108.    As a result of JBS's unlawful discrimination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff ZULMA CRUZ demands judgment against Defendant JINNY BEAUTY SUPPLY CO., INC. for all allowable remedies (equitable and/or at law) pursuant to Chapter 760, Florida Statutes, all allowable damages, attorneys' fees, taxable costs allowable by law, prejudgment and post-judgment interest, and such other and further relief as this Court deems just and proper, including, but not limited to,

[B] THE BURTON FIRM

**EXHIBIT "A"**

back pay, front pay, and liquidated damages.

## DEMAND FOR JURY TRIAL

109.     Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

**THE BURTON FIRM, P.A.**
*Counsel for Plaintiff*
2999 N.E. 191 Street, Suite 805
Miami, Florida 33180
P: 305-705-0888 | F: 305-705-0008
pleadings@theburtonfirm.com
rb@theburtonfirm.com

By:   /s/ Richard J. Burton
Richard J. Burton
Florida Bar No. 179337

|B| THE BURTON FIRM

**EXHIBIT "A"**

# EXHIBIT "A"

EXHIBIT "A"

EEOC Form 5 (11/09)

| **C**HARGE OF **D**ISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

FLORIDA COMMISSION ON HUMAN RELATIONS ___ and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Zulma Cruz | (954) 338-8883 | ▮▮▮▮▮ |

| Street Address | City, State and ZIP Code |
|---|---|
| 1385 NW 129 WAY | SUNRISE, FLORIDA 33323-2979 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| JINNY BEAUTY SUPPLY CO., INC. | 50 or more | |

| Street Address | City, State and ZIP Code |
|---|---|
| 16241 NW 48TH AVENUE | HIALEAH, FLORIDA 33014-6438 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 03-02-2015   Latest 08-21-2015

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

PLEASE SEE THE ATTACHED FOUR (4) PAGES TITLED "ADDENDUM TO ZULMA CRUZ'S CHARGE OF DISCRIMINATION."

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>11-19-15 *[Date]*   *Zulma Cruz [Charging Party Signature]* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*Zulma Cruz*<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS<br>(month, day, year)<br>On 2 Pt (Daniel J. Potocek) 11/19/15<br><br>*[Notary Seal]* DANIEL J. POTOCEK<br>MY COMMISSION # FF 000855<br>EXPIRES: March 25, 2017<br>Bonded Thru Budget Notary Services |

**EXHIBIT "A"**

## ADDENDUM TO ZULMA CRUZ'S CHARGE OF DISCRIMINATION

I, Zulma Cruz, was employed by Jinny Beauty Supply Co, Inc. as a salesperson.   My responsibilities included selling beauty products and beauty supplies in bulk to retail locations throughout the United States of America and South America. Prior to my termination on August 21, 2015, I was the oldest sales person on staff (61 years old at the time of my firing) and also the only Hispanic sales person on staff.  Most of the other sales people on staff were younger and of Asian descent, just like Mr. Eddie Jhin (Owner and Director of Jinny Beauty Supply Co, Inc.) and Ms. Lan Wilkerson (Manager of Jinny Beauty Supply Co, Inc.)

In the weeks leading up to my termination, Mr. Eddie Jhin, Ms. Lan Wilkerson, and other supervisors would continually make disparaging and offensive comments to me about my age and my ability to represent Jinny Beauty Supply Co, Inc. at my increased age. I voiced my concern about this continuing, offensive behavior as it was creating a hostile work environment for me, but Mr. Eddie Jhin, Ms. Lan Wilkerson, and other supervisors kept making disparaging and offensive comments about my age even up to the point of my termination.

Additionally, in the weeks leading up to my termination, I was excluded from regular sales/business meetings. These sales/business meetings were a regular part of the business and were hosted/run by Mr. Eddie Jhin, Ms. Lan Wilkerson, and/or other supervisors at Jinny Beauty Supply Co, Inc. I was deliberately excluded from the sales/business meetings. These sales/business meetings started being conducted only in Korean, and Mr. Eddie Jhin, Ms. Lan Wilkerson, and/or other supervisors at Jinny Beauty Supply Co, Inc. stopped providing equivalent

**EXHIBIT "A"**

sales/business meetings in English. I verbally expressed my concerns over this exclusion and the conducting of the sales/business meetings in Korean to Mr. Eddie Jhin, Ms. Lan Wilkerson, and other supervisors. They kept promising that I would get summaries of the sales/business meetings or my own private sales/business meetings. I did not get summaries of the sales/business meetings conducted in Korean. Mr. Eddie Jhin, Ms. Lan Wilkerson, and/or other supervisors at Jinny Beauty Supply Co, Inc. stopped providing equivalent sales/business meetings in English to the sales/business meetings in Korean.

Leading up to my termination, I also learned that the younger sales people of Asian descent were getting paid on salary and also receiving two (2) weeks paid vacation. I was getting paid hourly and only receiving one (1) week paid vacation. Leading up to my termination, I was routinely tasked with cleaning the facility, stocking inventory shelves, or restocking paper in the printers; however, the younger sales people of Asian descent were never assigned these same duties. In the weeks leading up to my termination, I complained to Mr. Eddie Jhin about the unfair pay, unfair benefits distribution, and unfair assignment of job duties.

Although there were times my sales goals were not met, I was not the only sale person that was not hitting every sales goal. Despite several sales people not meeting sales goals, I was singled out (both publically and in private meetings) by Mr. Eddie Jhin. Specifically, I was the only sale person that had their age brought up as a negative factor in connection with any sales goals not being met. While I would be punished because of my age for not meeting sales goals, the younger sales people of Asian descent would be receive administrative support from Mr. Eddie

**EXHIBIT "A"**

Jhin, Ms. Lan Wilkerson, and other supervisors. The younger sales people of Asian descent would receive training/mentoring, be provided with additional sales leads, and be given strong performing accounts to help them meet their sales goals. I, however, did not receive any training/mentoring, was not provided with sales leads, and had my strong performing sales accounts stripped from me.

At the time of my firing on August 21, 2015, Mr. Eddie Jhin specifically referenced my age as a primary reason for my termination. There were no other people present at the meeting in which he terminated me from my position as a salesperson. On information and belief, Mr. Eddie Jhin has since hired a sales person to replace me that is significantly younger than me and of Asian descent.

It is without question that in the weeks leading up to my termination, I was (i) treated less favorably/unfavorably because of my age, race, and national origin; (ii) harassed by Mr. Eddie Jhin, Ms. Lan Wilkerson, and other supervisors for being over sixty years old; (iii) deprived training/mentoring opportunities because of my age, race, and national origin; (iv) denied or stripped of sales accounts because of my age, race, and national origin; (v) received less benefits and pay than younger sales people of Asian descent; and (vi) denied access to sales/business meetings being conducted in Korean because of my age, race, and national origin.

I firmly believe Mr. Eddie Jhin terminated me as a sales person at Jinny Beauty Supply Co, Inc. because of my age, race, national origin, and also because I voiced concerns and expressed my complaints concerning the discrimination against me. I believe all of the discriminatory actions at Jinny Beauty Supply Co, Inc. by Mr. Eddie Jhin, Ms. Lan Wilkerson, and other supervisors violate the Age

**EXHIBIT "A"**

Discrimination in Employment Act (ADEA), as amended from time to time; Title VII of the Civil Rights Act of 1964, as amended from time to time; and other state and federal laws that protect people from discrimination due to age, race, and national origin, and also from retaliation by their employers for complaining of discrimination due to age, race, and national origin.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY -- When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 11-19-15 _Zelma Cruz_ <br> Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS <br> (month, day, year) _Jan 2, 24 (Daniel J. Poterek) 11/19/15_ <br><br> DANIEL J. POTEREK <br> MY COMMISSION # FF 000855 <br> EXPIRES: March 25, 2017 <br> Bonded Thru Budget Notary Services |

**EXHIBIT "A"**

 

# U.S. Equal Employment
# Opportunity Commission
# **Public Portal**

**EXHIBIT "A"**

Below is the current status and information about the charge you have filed with the EEOC. Placing your cursor over any of the status boxes or the individual listed entries, will provide additional information about each item that will display in a text box. Additionally, for an overview of the charge process, select the "Show Full Process" button below.

| Status of the charge is | Contact Information | Office Information |
|---|---|---|
| **CLOSED** | MELINDA MONTERO<br>MELINDA.MONTERO@EEOC.GOV | EEOC Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Miami, FL<br>33131 |

| INTAKE | MEDIATION | INVESTIGATION |
|---|---|---|
| [1] 12/07/2015 Charge is filed | [2] 01/04/2016 Your charge has been assigned to a mediator<br>[3] 02/05/2016 Mediation Unsuccessful | [7] 05/11/2016 Your charge has been assigned to an investigator<br>[8] 06/04/2016 Notice of Right to Sue Can Be Requested<br>[9] 10/17/2016 Your charge has been assigned to an investigator<br>[10] 05/11/2017 Notice of Right to Sue issued was upon request and charge was closed |

( Show Full Process )    ( Logout )

# EXHIBIT "B"

**EXHIBIT "A"**

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Zulma Cruz**
**1385 NW 129 Way**
**Sunrise, FL 33323**

From:  **Miami District Office**
**Miami Tower, 100 S E 2nd Street**
**Suite 1500**
**Miami, FL 33131**

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2016-00985** | **MELINDA MONTERO,** **Investigator** | **(305) 808-1880** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*[signature]*

**MICHAEL J. FARRELL,**
**District Director**

**MAY 11 2017**

*(Date Mailed)*

cc:  **Respondent's Representative**
**Jinny Beauty Supply Co., Inc.**
**c/o Adam S. Chotiner, Esq.**
**SHAPIRO, BLASI, WASSERMAN, HERMANN, PA**
**Corporate Centre at Boca Raton**
**7777 Glades Road, Suite 400**
**Boca Raton, FL 33434**

**Charging Party's Representative**
**Daniel Poterek**
**THE BURTON FIRM**
**2999 NE 191 Street, Suite 805**
**Miami, FL 33180**

**EXHIBIT "A"**

Enclosure with EEOC
Form 161-B (11/16)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## EXHIBIT "A"